UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., et al., | No. 2:25-cv-01139-DJC-JDP |
| Plaintiffs, | |
| v. | ORDER |
| AYLO GLOBAL ENTERTAINMENT INC., et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Proceed under a Pseudonym. Plaintiffs seek to proceed under a pseudonym as the case here involves allegations regarding Plaintiffs' sexual preferences, which raises privacy concerns for Plaintiffs. Defendants did not file an opposition. For the reasons stated below, the Court GRANTS Plaintiffs' Motion.

**LEGAL STANDARD**

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties. . ."); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the

1 | real party in interest."). The Ninth Circuit has held that "a party may preserve his or her
2 | anonymity in judicial proceedings in special circumstances when the party's need for
3 | anonymity outweighs prejudice to the opposing party and the public's interest in
4 | knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d
5 | 1058, 1068 (9th Cir. 2000). This may be the case where a pseudonym "is necessary. . .
6 | to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.*
7 | at 1067–68 (citations omitted).

## DISCUSSION

Here, Plaintiffs allege they are adults who have registered for accounts and watched videos on Defendants' website, www.pornhub.com. (Mot. Pseudonym (ECF No. 2) at 1.) Plaintiffs content that Defendants installed surveillance software on the website that collects personally identifiable, highly sensitive information about its users—including the specific pornographic videos watched and the sexual orientation associated with the pornography consumption. (Compl. (ECF No. 1) ¶¶ 1-14; First Amended Complaint ("FAC") (ECF No. 25) ¶¶ 5-25.) Plaintiffs further allege that Defendants contemporaneously transmitted this information to third-party internet advertisers in exchange for marketing services. (Compl. ¶¶ 18, 23; FAC ¶¶ 18, 23.)

Plaintiffs state that they want to keep their identities private given the sensitivity surrounding an individual's sexual behavior within their own home. (Mot. Pseudonym at 3.) Further, Plaintiffs explain that Defendants will know their identities, as Plaintiffs will privately disclose that information to Defendants through their counsel. (*Id.* at 3.) Plaintiffs also contend that given the sensitivity of the information at issue here, the public's interest in preventing a chilling effect on similar privacy litigation far outweighs any interest in learning Plaintiffs' names. (*Id.* at 4-5.) There is also a fear that Defendants may publicize Plaintiffs' pornographic viewing history through the Court docket to get Plaintiffs to accept a settlement. (*Id.* at 5-6.)

The Court finds good cause to grant Plaintiffs' request at this stage of the proceedings based on the sensitive nature of the allegations, the risk of

embarrassment for Plaintiffs, and potentially chilling similar types of litigation. *See Quad Int'l Inc., v. Doe,* No. C 12-05433-CRB-LB, 2012 WL 5868966, at *3 (N.D. Cal. Nov. 19, 2012) (explaining that an "allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality."); *see also Doe v. Law Offs. of Winn and Sims,* No. 3:06-cv-00599-H-AJB, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021) (granting plaintiff's request to redact his name from the record where "the public's interest in this case primarily centers around the underlying nature of the action, . . .not Plaintiff's identity."). Moreover, the Court does not find that Defendants will suffer prejudice as Plaintiffs' identities will be privately disclosed to them through counsel. *See J.J. v. Ashlynn Mktg. Grp., Inc.,* No. 3:24-cv-00311-GPC-MSB, 2024 WL 5130849, at *2 (S.D. Cal. Dec. 16, 2024) (finding that defendant would not suffer prejudice where Defendant knew Plaintiffs' identities).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed under Pseudonym (ECF No. 2) is GRANTED.

Dated:  July 1, 2025          /s/ Daniel J. Calabretta
                              THE HONORABLE DANIEL J. CALABRETTA
                              UNITED STATES DISTRICT JUDGE