UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S. and C.P., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AYLO GLOBAL ENTERTAINMENT, INC., et al.,<br><br>Defendants. | No. 2:25-cv-01159-DJC-JDP<br><br><br>ORDER |

Plaintiffs M.S. and C.P. brought this action on behalf of themselves and other similarly situated individuals.  Plaintiffs allege that Defendants Aylo Global Entertainment, Inc., Aylo USA Inc., and Toqon, LLC collect data related to website visitors' usage of the Pornhub website.  Plaintiffs claim that Defendants then transmit this data to third-party advertisers.

Defendants have now filed an omnibus motion that seeks to (1) dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, (2) compel arbitration of Plaintiffs' claims, or (3) dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 40.)  For the reasons stated below, the Court grants Defendants' Motion to

Dismiss under Rule 12(b)(2) for lack of personal jurisdiction. The remainder of the Motion is denied without prejudice as moot.

## BACKGROUND

This action concerns alleged user tracking and data collection performed by the operators of the Pornhub website. In the Second Amended Complaint ("SAC"), Plaintiffs allege that Defendants track website visitors through both Google Tracking Tools and TrafficJunky Tracking Tools. (SAC (ECF No. 37) ¶¶ 9, 12.) These tools purportedly collect substantial amounts of data on visitors and their actions on the Pornhub website, including details about the content they view, the device they are using, their internet service provider, and location data. (*Id.* ¶¶ 74–75, 78–80.) This information is associated with individual visitors using cookies. (*Id.* ¶¶ 75, 79.) Plaintiffs allege this information is then transmitted to third-party advertisers. (*See id.* ¶¶ 69, 76.) Plaintiffs bring a number of claims based on these allegations, the majority of which assert that Defendants violated the privacy of Plaintiffs and a class of Pornhub website visitors. (*See id.* at 35–51.)

Notably for purposes of this order, the SAC identifies three Defendants. Defendant Aylo Global Entertainment, Inc. ("Aylo Global") and Defendant Aylo USA Incorporated ("Aylo USA") are both identified in the SAC as "operat[ing] the Website." (*Id.* ¶¶ 27–28.) Plaintiffs identify the third defendant, Toqon LLC, as doing business as TrafficJunky. (*Id.* ¶ 29, *see id.* at 1–2.) All three Defendants are identified by Plaintiffs as limited liability corporations incorporated in Delaware with a principal place of business in Texas. (*Id.* ¶¶ 27–29.)

Briefing on Defendants' Motion is complete (Mot. (ECF No. 40); Opp'n (ECF No. 50); Reply (ECF No. 53)). On December 4, 2025, the Court held oral argument on the Motion, after which the Court took the matter under submission. (ECF No. 55.)

////
////
////

## LEGAL STANDARD

### A. Personal Jurisdiction Generally

Rule 12(b)(2) allows a party to assert a lack of personal jurisdiction as a defense and request dismissal of the suit. Fed. R. Civ. P. 12(b)(2). "Although the defendant is the moving party on a motion to dismiss [for lack of personal jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (*quoting Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). Facts presented by the plaintiff are taken as true for the purposes of a 12(b)(2) motion to dismiss, except where contradicted by an affidavit, and any "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citations omitted); *see Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("We may not assume the truth of allegations in a pleading which are contradicted by affidavit, but we resolve factual disputes in the plaintiff's favor." (internal citations and quotations omitted)).

"In exercising personal jurisdiction, a federal district court is constrained by the Fourteenth Amendment's Due Process Clause and the long-arm statute of the state in which it sits." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023). California's long-arm statute allows the exercise of personal jurisdiction to the

extent allowed by the United States Constitution. *See* Cal. Code Civ. Proc. § 410.10. Accordingly, the Court need only assess whether the exercise of jurisdiction in this case comports with due process.

### B. General and Specific Jurisdiction

"The Due Process Clause permits the exercise of personal jurisdiction if the defendant has sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Impossible Foods*, 80 F.4th at 1086. Courts may have general or specific jurisdiction over an entity depending on the nature and extent of that entity's contact with the forum state. A court may exercise general jurisdiction over a corporation in a state where the corporation is "at home," which is the case when its "affiliations . . . are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 139 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). This is generally where the corporation is incorporated and where it maintains its principal place of business. *Id*.

Where general jurisdiction is lacking, courts may have specific jurisdiction over corporations if there is sufficient contact with the forum state and the claims arise out of that contact. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) ("[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" (quoting *Goodyear*, 564 U.S. at 919)). In the Ninth Circuit, specific jurisdiction is determined by a three-prong test: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*,

4

303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two prongs of the test[,]" while the burden of the third prong shifts to the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

## DISCUSSION

### I. General Jurisdiction

Based on the facts alleged in the SAC, the Court lacks general jurisdiction over the Defendants. The SAC clearly alleges that each of the Defendants is incorporated in Delaware and has its principal place of business in Texas. (SAC ¶¶ 27–29.) Defendants are thus not "at home" in California. *Daimler*, 571 U.S. at 119. As such, the Court lacks general jurisdiction over them. *Id.*

In Plaintiffs' Opposition, Plaintiffs note that until December 2023, Defendants' principal place of business was California. (Opp'n at 4–5.) Plaintiffs seem to provide this information in connection with the specific jurisdiction analysis as evidence of Defendants' purposeful direction or availment, not as an argument that this Court has general jurisdiction. However, to the extent Plaintiffs intended to suggest that the Court has general jurisdiction by virtue of the fact that Defendants were previously domiciled in California, this is incorrect. Whether a party is subject to general personal jurisdiction in a particular forum is assessed at the time an action is commenced. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). Thus, for purposes of general jurisdiction, whether Defendants were previously domiciled in California is irrelevant. *See Supinsky v. Kelly*, No. 21-cv-01388-CJC-KES, 2022 WL 2132685, at *2 (C.D. Cal. March 31, 2022) ("While a federal court has general personal jurisdiction over defendants domiciled within the forum state, a defendant's domicile is determined at the time the action commences, not at the time the alleged offending conduct occurred . . . ." (emphasis in original)). The Court lacks general jurisdiction simply by virtue of the fact that Defendants were not at home in this district at the time this action was initiated.

5

## II. Specific Jurisdiction

Defendants contend that Plaintiffs have not adequately alleged that Defendants had contacts with California and, even if Defendants had contacts with California, Plaintiffs' claims do not arise out of those activities. Core to this dispute is the Parties' differing understandings of the larger corporate structure of the Aylo entities and the roles of individual corporate entities within that structure. The Aylo entities are a collection of corporations in various locations around the world, specifically the United States, Canada, and Cyprus. The defendants named in this action, Aylo (USA), Aylo (Global), and Toqon, are only three of the many corporate entities within this broader corporate structure. In brief, Defendants contend that they are not the corporate entities within the Aylo corporate structure that are responsible for any of the actions that resulted in or relate to Plaintiffs' claims.

In the SAC, Plaintiffs allege that Defendants Aylo (USA) and Aylo (Global) are responsible for operating the Pornhub website, while Defendant Toqon does business as TrafficJunky and provides the TrafficJunky Tracking Tools. (*See* SAC at 1, ¶¶ 26–27.) Defendants dispute this, stating that the Pornhub website is operated exclusively by Aylo Freesites Ltd, not any of the presently named Defendants. (Mot. at 7; Link Decl. (ECF No. 40-2) ¶ 4.) Defendants provide the sworn declaration of Andrew Link, Director of both Aylo (USA) and Aylo (Global), as well as President and Manager of Toqon. (*See* Link Decl.) In his declaration, Link states that Aylo (Global) "is primarily responsible for providing services for television-based business, with a focus on agreements with cable operators, hotels, and cruise ships, among others." (*Id*. ¶ 6.) Link also states that Aylo (USA)'s "sole functions are to distribute DVD-based content pursuant to the terms of one contract and to operate e-commerce merchandise stores." (*Id*. ¶ 9.) Link further states that Toqon "provided payment processing services in the United States for resales of memberships [sic] subscriptions related to certain Aylo business units." (*Id*. ¶ 12.)

Based on this, Defendants argue that Plaintiffs have not satisfied the first two prongs of the specific jurisdiction test as they have failed to establish that Defendants had any contacts with California and, even if they had, that Plaintiffs' claims arose from their activities in the forum.  The latter argument – that Plaintiffs have not satisfied the second prong – is the more important and substantial issue.  It is at least plausible that Plaintiffs can satisfy the first prong by showing that Defendants purposely directed activities or availed themselves of the privileges of conducting activities in this forum. For example, Plaintiffs presented evidence that Defendants were located in California until 2019.  However, even if Plaintiffs can satisfy this first prong for specific jurisdiction, the connection between Defendants' activities in the forum and Plaintiffs' claims remains at issue.  As such, the Court focuses exclusively on whether the second prong is met.

In assessing this issue, the burden of proof is salient here, and the relevant rules bear repeating.  It is Plaintiffs' burden to prove that the second prong of specific jurisdiction is satisfied. *Schwarzenegger*, 374 F.3d at 802.  Where the Court decides issues of personal jurisdiction without an evidentiary hearing, Plaintiffs' burden is satisfied by a prima facie showing of personal jurisdiction. *Brayton Purcell LLP*, 606 F.3d at 1127.  Disputes of evidence are resolved in Plaintiffs' favor and allegations are accepted as true, except where contradicted by an affidavit or declaration. *Mavrix Photo, Inc.*, 647 F.3d at 1223; *see also Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014).

Under the evidence presently before the Court, Plaintiffs have not met their burden to establish that their claims arise out of or relate to Defendants' forum-related activities.  As noted above, Defendants have provided sworn statements by the Director of Aylo (USA) and Aylo (Global) and President of Toqon.  (*See* Link Decl.)  He unequivocally states that the Pornhub website is operated by Aylo Freesites Ltd, not any of the Defendants.  (*Id.* ¶ 4.)  He also states that Defendant Toqon does not "operate, manage, maintain, supervise, or control the software alleged to be operated

7

by TrafficJunky in the [SAC]." (*Id.* ¶ 13.)  As stated in the SAC, Plaintiffs' claims arose out of Defendants' actions in operating the Pornhub website and TrafficJunky Tracking Tools.  But in the presence of sworn statements to the contrary, such allegations are insufficient.  *Mavrix Photo, Inc.*, 647 F.3d at 1223.

Plaintiffs' efforts to present evidence to create a prima facie case of personal jurisdiction are unavailing.  *First*, Plaintiffs point to three statements made by Link in his declaration:

1. "[Aylo (Global)] also provides limited support services to other Aylo corporate entities." (Link Decl. ¶ 7.)
2. "[T]wo of [Aylo (Global)'s] employees have responsibilities concerning the content on Aylo sites." (*Id.*)
3. "Toqon, LLC provided payment processing services in the United States for resales of memberships [sic] subscriptions related to certain Aylo business units." (*Id.* ¶ 12.)

(Opp'n at 5–6.)  None of these statements establishes that Plaintiffs' claims arose from or relate to Defendants' conduct.  At most, these statements express the unsurprising fact that different entities within the Aylo corporate structure provide services to each other.  They do not satisfy Plaintiffs' burden to satisfy the second prong of the specific jurisdiction analysis.

*Second*, Plaintiffs argue that Link's statements are contradicted by "Defendants' own public statements." (Opp'n at 6.)  However, Plaintiffs' only citation for this proposition is to a complaint filed in an unrelated action in Utah. (*See Id.* at 6-7.)  Just as Plaintiffs' allegations cannot serve to contradict the sworn declaration provided by Defendants, the Court cannot assume allegations in another case to be true where they are contradicted by the sworn declaration provided by Defendants.  Plaintiffs do cite portions of the Utah complaint which include specific quotes to a 2019

8

presentation given by someone from within the Aylo entities.[1]  But even if these quotes were considered, they provide no assistance to Plaintiffs' attempt to connect Defendants' activities to their claims.

The cited portions of the Utah complaint that contain quotes from this alleged 2019 presentation are as follows:

- The Cyprus Companies "oversee[] and manage[] [Defendants'] principal operations including hosting, content, material contracts and arrangements, sales, marketing, billing and collection." Furthermore, the Cyprus Companies are "the contracting party with all of [Defendants'] customers." (ECF No. 50-2 ¶ 49.)
- The Canadian Companies and the U.S. Companies "provide[] day-to-day management services with respect to [Defendants'] operations" and "provide[] the workforce required to carry [out] certain [of Defendants'] functions including[] human resources, information technology, accounting and administration[.]"  (ECF No. 50-2 ¶ 51.)[2]

(Opp'n at 7.)  None of these alleged statements from the 2019 presentation establishes a relationship between Plaintiffs' claims and Defendants' activities.  As Defendants are undisputedly United States entities, the former quote does not have any bearing on Defendants.  Only the quotes from the latter paragraph might concern the Defendants.  But these quotes only state that these companies provide "management services" including human resources, IT services, accounting, and

---

[1] Plaintiffs' Motion states that these are "Defendants' own public statements."  (Opp'n at 6.)  However, nothing in the Motion, Utah complaint, or the statements themselves suggests this to be the case.  The Utah action names numerous Aylo corporate entities as defendants, including Defendants, Aylo Freesites Ltd, and several other Aylo entities.  (See ECF No. 50-2 at 2–3.)  The Utah complaint attributes the quotes in question to all defendants named the Utah complaint, not specifically to Aylo (USA), Aylo (Global), or Toqon.  (Id. ¶ 49 (". . . as explained in a 2019 presentation written by Defendants . . .").)  There is nothing that suggests that these quotes are attributable to Defendants Aylo (USA), Aylo (Global), or Toqon in particular.

[2] The final part of this paragraph was omitted as it did not contain quotes from the alleged 2019 presentation.

1  administration.  As an initial point, it is unclear from these quotes alone which portions
2  relate to Defendants, as the Utah complaint identifies a number of other United States
3  and Canadian entities.  More importantly, even accepting that these statements apply
4  in full to Defendants, they do not show that Plaintiffs' claims arose or relate to
5  Defendants' activities.  Defendants' provision of management services does not
6  appear to have any relation to Plaintiffs' claims.
7      *Third*, Plaintiffs argue that this Court has personal jurisdiction over the
8  Defendants as Defendant Aylo (USA) had issued DMCA takedown notices to Google
9  over alleged copyright violations based on content hosted on various Aylo websites.
10 (Opp'n at 7–8.)  Plaintiffs note that these notices list Defendant Aylo (USA) as the
11 copyright holder for the videos in question. (*Id.*; Singh Decl., Ex. 3A–3D (ECF Nos. 50-
12 4, 50-5, 50-6, 50-7).)  These facts do not establish that Plaintiff's claims – which
13 concern privacy practices in the operation of the Pornhub website and the
14 TrafficJunky Tracking Tools – arose or relate to Defendants' activities in the forum.
15     *Fourth*, Plaintiffs note that the footer of the TrafficJunky website mentions
16 Defendant Toqon.  This is an example of the footer in question, as provided by
17 Plaintiffs with their Opposition:



23 (Singh Decl., Ex. 8 (ECF No. 50-12).)  Defendant Toqon is mentioned within the block
24 of text at the bottom right of this footer:

(*Id.*)  This certainly shows that Defendant Toqon has some connection to TrafficJunky, and possibly a deeper one than shared by other Aylo entities.[3]  But Defendant Toqon's mere presence on this footer and relationship to TrafficJunky is far from meaningful evidence establishing that Plaintiffs' claims arose or relate to Defendant Toqon's activities in this forum.

Plaintiffs also assert that TrafficJunky holds itself out as a Canadian company, not a Cypriot company.  It is not clear how this information assists Plaintiffs' assertion that this Court has personal jurisdiction over Defendants.  Given Aylo Freesites Ltd. – the entity Defendants say operates TrafficJunky – is a Cypriot company not a Canadian company, the fact that TrafficJunky represents itself as a Canadian company could be interpreted to suggest that Aylo Freesites Ltd does not operate TrafficJunky as Defendants suggest.  However, this logic cuts both ways.  Defendant Toqon, whom Plaintiffs assert is doing business as TrafficJunky, is undisputedly a United States company.  Under the same logic Plaintiffs raise in their Opposition, the fact that TrafficJunky holds itself out as a Canadian company is evidence that TrafficJunky is not operated by Defendant Toqon.  Thus, at best, the fact that TrafficJunky may represent itself as a Canadian company is irrelevant and, at worst, this fact further undercuts the assertion that there is a connection between Defendants' actions in this forum and the claims raised by Plaintiffs.

In sum, Plaintiffs have not met their burden to establish a prima facie showing that satisfies the second prong of the specific jurisdiction analysis.  The allegations in the SAC are insufficient in light of the sworn declarations provided by Defendants.  The additional evidence presented by Plaintiffs is insufficient to make even a prima facie showing of personal jurisdiction, and Plaintiffs have not shown that their claims arose from or related to Defendants' activities in this forum.  As such, they have failed

---

[3] With their Reply, Defendants filed additional exhibits showing that TrafficJunky's Terms of Service and Privacy Notice state that Aylo Freesites Ltd operates TrafficJunky and define "TrafficJunky" as synonymous with Aylo Freesites Ltd.  (*See* ECF Nos. 53-2, 53-3.)  As Plaintiffs have not had an opportunity to respond to these exhibits, the Court does not rely on them.

1  to establish that this Court has specific personal jurisdiction over the Defendants.  As
2  the Court lacks personal jurisdiction under either general or specific jurisdiction,
3  Defendants' Motion is granted on this basis.

### III. Jurisdictional Discovery and Leave to Amend

Plaintiffs request that if the Court grants Defendants' Motion to Dismiss under Rule 12(b)(2), they be permitted to conduct jurisdictional discovery.  (Opp'n at 9–10.) "[Jurisdictional d]iscovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'"  *Butcher's Union Local No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)  (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).  "District courts in this circuit have required a plaintiff to establish a 'colorable basis' for personal jurisdiction before discovery is ordered." *Martinez v. Manheim Cent. Cal.*, No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011) (collecting cases).  "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant."  *Id.* (quoting *Mitan v. Feeney,* 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)).

The Court finds that jurisdictional discovery is not appropriate at this stage.  Plaintiffs have not made a colorable showing that this Court has personal jurisdiction over Defendants.  Nevertheless, leave to amend is appropriate.  While Plaintiffs have not established personal jurisdiction as to the named Defendants, it does appear that there are potential defendants over whom the Court would have personal jurisdiction in connection with Plaintiffs' claims.  As such, amendment is not yet futile.

### IV. Motion to Compel Arbitration and Motion to Dismiss under Rule 12(b)(6)

Considering the Court's decision to grant Defendants' Motion to Dismiss under Rule 12(b)(1), the Court need not address Defendants' Motion to Compel Arbitration

and Motion to Dismiss under Rule 12(b)(6). These motions will be denied without prejudice as moot.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Defendants' Motion (ECF No. 40) is GRANTED IN PART as to Defendants' Motion to Dismiss under Rule 12(b)(2), and DENIED AS MOOT IN PART as to Defendants' Motion to Compel Arbitration and Motion to Dismiss under Rule 12(b)(6). The Second Amended Complaint (ECF No. 37) is dismissed with leave to amend. Plaintiffs shall file their Third Amended Complaint within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated: **February 9, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE