UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

M.S. AND C.P., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

AYLO FREESITES, LTD,

Defendant.

No. 2:25-cv-01139-DJC-JDP

ORDER

Pending before the Court is Plaintiffs' Motion for Certification. For the reasons discussed below, Plaintiffs' Motion is DENIED.

**BACKGROUND**

The facts and procedural history are known to the parties. Following the Court's order granting in part Defendant's Motion to Compel Arbitration and staying this matter pending resolution of arbitration, Plaintiffs filed the instant Motion for Certification. (Mot. (ECF No. 67).) Plaintiffs seek to certify the following question:

> Does PornHub's account creation page provide adequate notice of the Arbitration Clause in PornHub's Terms of Service, given the distracting pornographic content on the page, the small font of the hyperlink, and the fact that the

> account creation page makes no mention of an arbitration agreement?

(*Id.* at 1.) The matter is fully briefed (Opp'n (ECF No. 69)); (Reply (ECF No. 70).)

**LEGAL STANDARD**

Generally, a party may appeal only after final judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008). In narrow circumstances, however, a district court has authority to certify a question for interlocutory appeal before final judgment where the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking certification of an interlocutory appeal bears the burden of establishing three elements: (1) the order involves a controlling question of law, (2) there is substantial ground for differences of opinion as to the question for which certification is sought, and (3) an immediate appeal may materially advance the ultimate resolution of litigation. 28 U.S.C. § 1292(b).

**DISCUSSION**

The Court declines to certify the question proposed by Plaintiffs because Plaintiffs fail to present a controlling question of law. In the context of § 1292(b) a "question of law" means a "pure question of law" rather than a mixed question of law and fact, or an application of law to a particular set of facts. *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 09-cv-00320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (cleaned up). "Interlocutory appeal is generally appropriate only for questions that the court of appeals can decide quickly and cleanly without having to study the record." *Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002, 1010–1011 (N.D. Cal. 2024) (cleaned up). Here, Plaintiffs' question asks whether the arbitration clause in question failed to provide adequate notice considering the "pornographic content on the page," the "small font of the hyperlink," and the fact that

the account creation page does not mention arbitration. (*See* Mot. at 1.) As a result, Plaintiffs' claim plainly involves an interpretation of the disputed facts in this case. Plaintiffs' proposed question thus does not involve a question of controlling law and is instead simply a challenge to the Court's application of the law in light of Plaintiffs' view of the factual landscape. This renders Plaintiffs' question inappropriate for certification as it is not centrally a question of law.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion Requesting Certification of the Court's Order Compelling Arbitration for Interlocutory Appeal (ECF No. 67) is DENIED. The hearing set for August 27, 2026 is VACATED.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE